**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUSTIN LEE TIPTON,

     Plaintiff,

     v.                           No. CIV 14-0508 MCA/SCY

LANCE PILE, TORRI SANDOVAL,
ECIPIO LUCERO, NANCY LUEHAS,
NATHAN HUNT, JOAN MARTIN,
CINDY LNU, JAMIE LNU,

     Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff contracted a drug-resistant infection that caused serious, obvious symptoms and left him with disfiguring scars.   Defendants ignored his condition for a prolonged period, and, when he was treated, he received ineffective medications.   He contends that Defendants' actions violated certain constitutional protections, and he seeks damages and equitable relief.

Although Plaintiff names eight individuals as Defendants, the only factual allegations against specific individuals are directed at Defendants Sandoval, Lucero, and (Commissioner) Pile in Claim II.   The allegation against Defendant Pile is that he did not act on grievances that Plaintiff sent to him.   Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim.   *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Murray v. Albany County Bd. of County Commr's*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).   "Because [Plaintiff]'s only allegations involving [Pile] relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between [Pile] and any alleged constitutional violation."   *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).   The Court will dismiss Plaintiff's claim against Defendant Pile.

Nor does the complaint contain allegations against other named Defendants affirmatively linking them to the asserted violations.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state employee may not be based solely on a theory of vicarious liability for the actions of co-workers.   *See id.*; *and cf. United*

*States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("we must construe [Plaintiff's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). The Court will dismiss claims against Defendants other than Sandoval and Lucero. The dismissal of claims against these other Defendants will be without prejudice to Plaintiff's right to file an amended pleading with factual allegations against other specific individuals. *See Hall v. Bellmon*, 935 F.2d at 1110.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Pile are DISMISSED with prejudice; and Defendant Pile is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's claims against Luehas, Wagner, Hunt, Martin, Cindy LNU, and Jamie LNU are DISMISSED without prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Sandoval and Lucero at the Curry County Adult Detention Center.

_____

UNITED STATES DISTRICT JUDGE